**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

------------------------------------------------------------------X

NATANEL CHAIM MARK, *et al.*,

Plaintiffs, Docket No: 19-cv-2855 (TNM)

-against-

SYRIAN ARAB REPUBLIC, *et al.*,

Defendants.

------------------------------------------------------------------X

**RESPONSE TO ORDER OF THE COURT**

On November 25, 2019 this Court entered a minute order noting that Plaintiffs had not effected service of process, and set December 23, 2019 as a deadline for Plaintiffs to either effect service or establish good cause for not having done so.

Plaintiffs have not yet effected service due to a breakdown of the attorney-client relationship with certain plaintiffs, specifically the Mark family, which includes plaintiffs Natanel Chaim Mark, Chava Rachel Mark, Yiska Mark, Shira Hodaia Mark Charif, Yehushua Mordechai Mark, Miryam Mark, Orit Mark, Pdaya Menachaem Mark, Ayelet Hashachar Batt, Aryeh Batt, Avi Batt, and Elisheva Hirshfeld.

This case arises out of a terrorist attack in Israel in July 2016 in which Plaintiffs' decedent Michael Mark was murdered. My Israeli co-counsel was retained in January 2017 by the Mark family, and has been working them since then, during that time handling several matters relating to the murder of their decedent Michael Mark. This work has included, *inter alia*, gathering evidence to support a claim for the family members under the Foreign Sovereign Immunity Act ("FSIA"), as well as assisting them through the Israeli criminal justice process as

the perpetrators and those who aided and abetted them were brought to justice. The evidence was gathered, and after the conclusion of the criminal cases in Israel it was time to commence the FSIA action. It was important to wait for the conclusion of the criminal cases as the convictions themselves are evidence usable in the FSIA case and after the cases are concluded plaintiffs' experts can gain access to the Israeli police files which contained crucial information necessary to prove liability issues.

During most of this period, the Mark family members were very cooperative and worked closely with my Israeli co-counsel. They provided information necessary to prepare the complaint, such as names, addresses, dates of birth, citizenship, and family tree information. Moreover, Israeli co-counsel attended the criminal court proceedings with the Mark family members.

After the criminal cases in Israel wound down we felt it was time to file the FSIA case. Expert witnesses were hired to establish liability and damages, and drafts of expert reports were prepared to support the case. We prepared the complaint and readied it for filing. The action was filed in September.

After the complaint was filed Plaintiff Aryeh Batt expressed dismay at what he perceived as errors in the complaint.

No other family member has communicated any issues.

We actually agree that there was one factual error in the complaint that is significant, but which can be cured by amending one paragraph of the complaint. Mr. Batt also claimed there were factual errors relating to the happening of Michael Mark's murder, but we showed him the evidence from the Israeli police file supporting the allegations. We told him that we could file an amended complaint correcting any errors, but could only amend the complaint once without

having to file a motion, and we asked him to provide a list of all the errors so we could make all the corrections at once. No list was ever provided.

As a result of the complaint being in flux, believing that the complaint would shortly be amended, we held off on incurring the substantial expense of having it translated to Farsi and Arabic and serving it.

Since the time the issue of the errors arose, the only Mark family member who has communicated with us has been Aryeh Batt. We have tried to communicate with other family members, but they have been difficult to communicate with, and have failed to respond to emails, WhatsApp messages, texts, telephone calls, and letters, and interacting mainly through Aryeh Batt, who often takes weeks to respond to communications.

We of course informed the Mark family of this Court's November 25, 2019 order. After multiple further unanswered emails we had a conference call with plaintiff Aryeh Batt, Israeli counsel, and me on December 11, 2019 to discuss how the Mark family wishes to proceed. A further call was held on December 12, 2019, during which Mr. Batt informed us that the family had decided not to proceed with us as their counsel. I asked Mr. Batt to have each family member confirm that in writing. On December 16, 2019 (after I reminded Mr. Batt) I received written instructions from each Mark family member plaintiff except Avi Batt and Miryam Mark, as to whom Mr. Batt said written instructions should be received later in the week as they were inaccessible. After further reminders, a written instruction was received from Avi Batt on December 19, 2019. No written instruction has yet been received from Miryam Mark, but Aryeh Batt has assured me he has authority to speak for her and will provide a writing shortly.

Aryeh Batt clearly instructed me today that the Mark family does not wish for me to file a motion to withdraw as counsel, which would require them to retain new counsel in short order or

proceed *pro se*. Rather, the Mark family instructed, through Aryeh Batt, that they wished for me to file a Notice of Voluntary Dismissal of their claims without prejudice, which would leave them free to re-file their claims in the future if they decide to proceed in that manner.

Accordingly, simultaneously with filing this report, I have filed a Notice of Voluntary Dismissal of the Mark family plaintiffs' claims.

Now that the issues surrounding the Mark family have been resolved, the remaining plaintiffs intend to file an amended complaint omitting the claims of the Mark family, and upon so doing will promptly have it translated to Farsi and Arabic and served on the defendants with no further delay. The amended complaint is already being prepared and should be filed in the next few days. We believe we can have it translated to Arabic and Farsi and ready to initiate service of process within the next month or so. Plaintiffs respectfully request that the Court set January 31, 2020 as a new deadline for Plaintiffs to either effect service or establish good cause for not having done so.

Since the Mark family plaintiffs are no longer part of this case, it would also seem to make sense for the clerk to update the caption of the case to remove the Mark family plaintiffs and to re-designate the case as the name of the now first named plaintiff, Eli M. Borochov. It is respectfully requested that the Court enter a minute order directing the clerk to update the docket in this manner.

We thank the Court for its patience in allowing us to work through the issues we have had, and assure the Court that the case will proceed henceforth with alacrity.

Plaintiffs further wish the Court happy holidays and a happy new year.

Dated: Brooklyn, New York
December 19, 2019

Respectfully submitted,

THE BERKMAN LAW OFFICE, LLC
*Attorneys for Plaintiffs*

By: ______________________________
Robert J. Tolchin
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
718-855-3627

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date indicated below a true copy of the foregoing *Status Report* was served via ECF on all counsel of record herein:

Dated: Brooklyn, New York
December 19, 2019

Robert J. Tolchin