IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------------------------X

MARK, *et al.*,

                Plaintiffs,                Docket No: 19-cv-2855 (TNM)

      -against-

SYRIAN ARAB REPUBLIC, *et al.*,

                Defendants.

-------------------------------------------------------------------X

## RESPONSE TO FEBRUARY 10, 2021 ORDER

On February 10, 2021 this Court docketed an un-numbered minute order granting Plaintiffs' motion to file an amended compliant adding pre-judgment interest as an item of relief on the existing causes of action. That minute order also directed Plaintiffs to "inform the Court whether they believe the amended complaint must be served on the Defendants," *id.,* making reference to *Shoham v. Islamic Rep. of Iran,* 922 F. Supp. 2d 44, 47 (D.D.C. 2013) ("Where a plaintiff serves a complaint on a foreign state defendant under the FSIA, the foreign state defaults, and then the plaintiff files an amended complaint, service of the new complaint is only necessary if the changes are 'substantial.'").

In compliance with the minute order, Plaintiffs respectfully respond that no additional service is required.

Fed. R. Civ. P. 5(a) provides that "[n]o service is required on a party who is in default for failing to appear," except for "a pleading that asserts a new claim for relief against such a party." *Id.*

*Shoham,* the case referred to by the Court in its minute order, presents a very different scenario from our case. In *Shoham*, Plaintiff initially filed her claims along with other plaintiffs in a case called *Pilant v. Islamic Rep. of Iran*, 11-cv-1077. While the *Shoham* claims were part of *Pilant*, service of process was made on the Syrian defendants in *Pilant* but not on the Iranian defendants. *Shoham*, 922 F. Supp. 2d at 46. The *Shoham* plaintiffs' claims were severed out of *Pilant*, with the judge granting granted to the severed plaintiffs "leave…to refile their claims with separate captions" and specifying that "such new cases shall not be treated as related to the instant action." *Id.* After the actions were severed, the *Pilant* plaintiffs went on to serve the Iranian defendants. The *Shoham* plaintiffs filed a new complaint, but failed to serve it at all on Iran. When the judge issued an order to show cause why *Shoham* case should not be dismissed for failure to prosecute, the *Shoham* plaintiffs argued that they were entitled to a default judgment "based on effective service of the *Pilant* complaint." *Id,* 922 F. Supp. 2d at 47. Not surprisingly, the *Shoham* Court rejected that argument, finding that "[u]nlike *Belkin [v. Islamic Rep. of Iran,* 667 F. Supp. 2d 8 (DDC 2009)]*, Blais [v. Islamic Rep. of Iran,* 459 F. Supp. 2d 40 (DDC 2006)], and *Dammarrell [v. Islamic Rep. of Iran,* 370 F. Supp. 2d 218 (DDC 2005)], however, Mrs. Shoham is not amending a complaint in an existing action, but has filed a new and unrelated one in which defendants are not yet in default." *Id.* Since the complaint had never been served on the defendant, unsurprisingly the *Shoham* court held Plaintiff to the requirement of service before a default could be entered.

But *Shoham* on its face was not comparable to our case, since here there is no question that Defendant was served with the jurisdiction-obtaining summons, and the only issue is an amendment of the complaint to add pre-judgment interest, a item of relief not previously

specifically enumerated but perhaps included in the standard "such other and further relief" catchall in the *ad damnum* clause, but based on the same causes of action and the same facts.

*Dammarell v. Islamic Rep. of Iran*, 370 F. Supp. 2d 218 (D.D.C. 2005) appears to have been the first court to address the issue of whether a plaintiff serving an amended complaint against a defaulting foreign state in a case arising under the state sponsor of terrorism exception to foreign sovereign immunity must serve the amended complaint on foreign state. There, the court entered an order requiring Plaintiff to "amend their Complaint to identify particular causes of action arising out of specific sources of law," *id.,* 370 F. Supp. 2d at 219, and addressed the question of whether that amended complaint would have to be served anew on the foreign state defendants. *Dammarell* held service like an opening summons, which is governed by 28 U.S.C. § 1608, is not necessary "in the setting where the defendant foreign state has failed to appear, and is therefore in default, and where an amendment does not add any claims but instead clarifies existing claims." *Id.,* 370 F. Supp. 2d at 224. First, *Dammarell* held that § 1608 speaks of serving only "the summons and compliant" and a "notice of suit," and "therefore contemplates service only of the complaint that initiates a suit." *Id.* Second, *Dammarell* turned to Fed. R. Civ. P. 5(a), and concluded that the amendment at issue did not constitute the assertion of a "'new or additional claim[]' within the meaning of Rule 5(a)." *Id.* Third, *Dammarell* considered the issue of cost, delay, and burden:

> Finally, the Court notes that formal service under section 1608 -- which often entails the translation of a filing into a foreign language, mailing of the filing by the Clerk of the Court, service of the filing on the foreign state by the State Department through diplomatic process, and a long delay in the proceedings while all of this transpires -- places a significant burden on plaintiffs, the executive branch, and the Court. Expanding the reach of section 1608 to situations outside the four corners of the statute would come at a serious cost.

*Id.,* 370 F. Supp. 2d at 224-25. Based on all these considerations, *Dammarell* held that service of san amended complaint making non-substantial changes that did not alter the facts or claims alleged on the defaulting foreign state defendants was not necessary.

In a later case, *Blais v. Islamic Rep. of Iran*, 459 F. Supp. 2d 40, 45 (D.D.C. 2006), plaintiff filed an amended complaint adding claims arising under state law in addition to the existing claims under federal law, but arising on the same facts, and making some other minor amendments. Relying on *Dammarell,* the *Blais* court held plaintiffs did not have to serve the amended complaint on the defaulting defendants since the changes were "not substantial." *Id.,* 459 F. Supp. 2d at 46.

A still later case, *Belkin v. Islamic Rep. of Iran*, 667 F. Supp. 2d 8 (D.D.C. 2009), is much more akin to our case. In *Belkin*, Plaintiff filed an amended complaint that "did not substantially change the allegations in the complaint and did not add new defendants, *id.,* 667 F. Supp. 2d at 20, but merely added a claim under an amendment that changed the relevant statute but left "causes of action…essentially the same," *id.* Relying on *Dammarell* and *Blais,* the court held that under those circumstances there was no need to serve the defendant again.

The *Shoham* court referenced by this Court in its minute order cited *Dammarell, Blais,* and *Belkin.* Had the facts of *Shoham* been like any of these three cases, undoubtedly the *Shoham* court would have applied the same rule and not required additional service. But *Shoham* was totally different, since there the complaint had never been served at all. Our case has nothing to do with *Shoham* and everything to do with *Dammarell, Blais,* and *Belkin.*

In the case at bar, like the cases cited above, Plaintiffs have not asserted new causes of action against the defaulting Defendants, Plaintiffs have not added parties to the case, and Plaintiffs have not made substantive changes to their claims. Plaintiffs have merely added a potential item of damages, pre-judgment interest, based on the facts and causes of action already alleged and of

which Defendants already have notice. The amendment did not affect a substantial change to the case. Additional service is therefore not required.

Moreover, just as the Court noted in *Dammarell*, requiring that Defendants be served again would impose a significant cost on Plaintiffs. The State Department's fee for service by diplomatic service is $2,275 per defendant, *see* https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process/FSIA-Checklist.html. Diplomatic service also takes more than half a year to complete, and places a burden on court staff, the State Department, our foreign embassies, and the embassies of other countries that facilitate diplomatic service on countries with which the United States lacks diplomatic relations, such as the defendants in this case.

Since the second amended compliant introduced no substantive changes, plaintiffs respectfully submit that no additional service of process should be required.

Dated:   Brooklyn, New York
         February 16, 2021

                                          Respectfully submitted,

                                          THE BERKMAN LAW OFFICE, LLC
                                          *Attorneys for Plaintiffs*

                                          By:  _____
                                                   Robert J. Tolchin
                                          111 Livingston Street, Suite 1928
                                          Brooklyn, New York 11201
                                          718-855-3627