UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATANEL CHAIM MARK,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **ISLAMIC REPUBLIC OF IRAN,** *et al.*, <br><br> Defendants. | Case No. 1:19-cv-02855 (TNM) |

### MEMORANDUM ORDER

The Plaintiffs sue the Islamic Republic of Iran and the Syrian Arab Republic for injuries arising from terrorist attacks. Second Am. Compl. at 1–2, ECF No. 27.[1] The Defendants were served the Plaintiffs' first-amended complaint pursuant to 28 U.S.C. § 1608 and are now in default. *See* ECF Nos. 20–21, 23–24. After the Clerk of the Court entered default against the Defendants, the Plaintiffs filed a second-amended complaint. *See* Second Am. Compl. The Court ordered the Plaintiffs to "inform the Court whether they believe the amended complaint must be served on the Defendants." 2/10/2021 Min. Order. Before the Court is the Plaintiffs' response. *See* Pl.'s Resp., ECF No. 28. The Court agrees with the Plaintiffs that they do not need to serve their amended complaint.

Service of an amended complaint is unnecessary under 28 U.S.C. § 1608 "where the defendant foreign state has failed to appear, and is therefore in default, and where an amendment does not add any claims but instead clarifies existing claims." *Dammarell v. Islamic Rep. of Iran*, 370 F. Supp. 2d 218, 224 (D.D.C. 2005). Courts have held that it is not necessary to serve an amended complaint where the "amended complaint d[oes] not substantially change the

---

[1] All page citations are to the page numbers that the CM/ECF system generates.

allegations in the original complaint and d[oes] not add new defendants." *Belkin v. Islamic Rep. of Iran*, 667 F. Supp. 2d 8, 20 (D.D.C. 2009); *see also Blais v. Islamic Rep. of Iran*, 459 F. Supp. 2d 40, 46 (D.D.C. 2006) ("not requir[ing] plaintiff to serve the amended complaint" where the third-amended complaint "put the remaining defendants on notice that the claims sought by plaintiffs were grounded in state substantive law as well as in the federal statutory scheme" and "sought redress from only those three defendants who had been served").

It is possible "that additions to a complaint could be so substantial that the amended complaint must be served on a foreign state under section 1608 even though the foreign state is not being added to the complaint for the first time." *Dammarell*, 370 F. Supp. 2d at 225. But "when default has been entered against a foreign state defendant, and the amended complaint does little more than provide" additional "particularity," "there is no requirement that the plaintiff serve the amended complaint pursuant to section 1608." *Id.*; *see also Maalouf v. Islamic Rep. of Iran*, No. 16-cv-0280-JDB, 2021 WL 230134, at *4 (D.D.C. Jan. 22, 2021) (finding that service of an amended complaint was not necessary where "the fourth amended complaint . . . ground[ed] plaintiffs' causes of action in D.C. law," "rephrase[d] and reassert[ed] facts alleged elsewhere in the complaint," and "incorporat[ed] additional discussions of prior court decisions concerning the Beirut embassy bombings").

Here, the Plaintiffs filed their second-amended complaint to add pre-judgment interest as an item of relief. *See* Pl.'s Resp. at 1. While a claim for pre-judgment interest is not trivial, it does not "substantially change the allegations in the original complaint." *Belkin*, 667 F. Supp. 2d at 20. The Plaintiffs have also not sought to add new defendants to the case. *See id.* More, although the Plaintiffs did not request pre-judgment interest in their first-amended complaint, they did ask for "[s]uch other and further relief as the Court finds just and equitable." First Am.

Compl. at 26, ECF No. 6. The Court finds that the addition of the request for pre-judgment interest in the Plaintiffs' second-amended complaint merely "clarifies [their] existing claims." *Dammarell*, 370 F. Supp. 2d at 224.

For these reasons, this case is unlike those in which plaintiffs have been required to serve an amended complaint. *See, e.g.*, *Shoham v. Islamic Rep. of Iran*, 922 F. Supp. 2d 44, 47–48 (D.D.C. 2013) ("Unlike *Belkin, Blais*, and *Dammarell*, however, Mrs. Shoham is not amending a complaint in an *existing* action, but has filed a *new* and *unrelated* one in which defendants are not yet in default. Mrs. Shoham cites no case, and this Court is aware of none, in which a plaintiff was not required to serve process in a new, unrelated action against a foreign state defendant."). Allowing the Plaintiffs to file an amended complaint to add a request for pre-judgment interest without requiring them to serve the amended complaint on the defaulted Defendants fits comfortably with the decisions of other courts in this District. Accordingly, it is hereby

**ORDERED** that the Plaintiffs do not need to serve their [27] Amended Complaint on the Defendants; it is further

**ORDERED** that the Plaintiffs shall appear for a telephonic status conference on February 25 at 3:00 p.m., before Judge McFadden. The Plaintiffs shall be prepared to discuss their plan for moving for default judgment and how they intend to prove liability. Dial-in details will be sent to counsel.

**SO ORDERED**.

Dated: February 18, 2021                               TREVOR N. McFADDEN, U.S.D.J.