EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
OCT - 1 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

CHAIM KAPLAN, *et al.*, )
)
Plaintiffs, )
)
v. ) Civil Action No. 10-483 (RCL)
)
CENTRAL BANK OF THE ISLAMIC )
REPUBLIC OF IRAN, *et al.*, )
)
Defendants. )

## ORDER APPOINTING SPECIAL MASTER

Pursuant to its authority to appoint special masters "to hear damage claims brought under" 28 U.S.C. § 1605A and similar authority provided by Federal Rule of Civil Procedure 53, the Court today appoints a special master to take evidence and file a report and recommendation regarding the measure of individual damages for which defendants Iran and North Korea are liable in this case and the related matter *Kaplan v. Hezbollah*, Civil Action No. 09-646. *See* 28 U.S.C. § 1605A(e)(1); Fed. R. Civ. P. 53(a)(1)(B).

On July 2, 2010, in *O'Brien v. Islamic Republic of Iran*—a case also arising under the state-sponsor of terrorism exception in the Foreign Sovereign Immunities Act—the Court adopted an Administrative Plan Governing Special Masters. *O'Brien v. Islamic Republic of Iran*, Civil Action No. 06-690, ECF No. 29, attached to this Order as Exhibit A-2 to the Declaration of Alan Balaran. In accordance with Rule 53 of the Federal Rules of Civil Procedure, the Plan sets forth potential masters' qualifications, duties, powers, compensation method, and method of appointment. According to the Plan, in appointing a master the Court must examine the potential

master's curriculum vitae as well as an affidavit by the potential master indicating that he has read and will abide by the Plan if appointed. *Id.* at 2. Rule 53 additionally requires that a potential master "file[] an affidavit disclosing whether there is any ground for [his] disqualification under 28 U.S.C. § 455." Fed. R. Civ. P. 53(b)(3)(A).

In its Order granting a default judgment against Iran and North Korea in these cases, the Court expressed its intention to appoint a special master regarding the question of individual damages. ECF No. 53. The Court suggested a potential candidate for the position, Alan Balaran, but permitted the plaintiffs to submit any other suggested candidates within 15 days of the Order. *Id.* Plaintiffs having elected not to suggest any other options, the Court will proceed on its own motion.

Therefore, upon consideration of Alan Balaran's attached declaration and curriculum vitae, it is hereby

**ORDERED** that the Administrative Plan Governing Special Masters adopted in *O'Brien v. Islamic Republic of Iran*, Civil Action No. 06-690, ECF No. 29, attached hereto as Exhibit A-2 to Mr. Balaran's declaration, is adopted in this case; and it is further

**ORDERED** that, in accordance with the Court's Administrative Plan, Mr. Balaran is appointed as a special master of the Court in this case; and it is further

**ORDERED** that, in addition to satisfying the obligations imposed on Mr. Balaran by the Administrative Plan, Mr. Balaran shall take and report on evidence of each plaintiff's qualification for relief under § 1605A(c) and the familial relationships between plaintiffs and victims of the rocket attacks in Israel committed between July 12, 2006 and August 14, 2006 that are the subject of this lawsuit.

The Clerk of the Court shall file on the docket of this case Mr. Balaran's attached declaration and the documents attached thereto: Mr. Balaran's curriculum vitae (marked as Exhibit A-1) and the Court's Administrative Plan (marked as Exhibit A-2).

It is **SO ORDERED**.

Signed by Royce C. Lamberth, United States District Judge, on October 1, 2014.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHAIM KAPLAN, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CENTRAL BANK OF THE ISLAMIC )<br>REPUBLIC OF IRAN, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 10-cv-483 (RCL) |

## DECLARATION OF ALAN L. BALARAN

I, Alan Balaran, in accordance with this Honorable Court's Administrative Plan Governing Special Masters, hereby depose and say as follows, *viz.:*

1. That the attached *curriculum vitae* of Alan L. Balaran, Esquire, demarked as "Exhibit 'A-1'", is true and accurate;

2. That I have read the Administrative Plan Governing Special Masters, entered on or about 2 July 2010, in the matter of *Jeffrey Paul O'Brien, et al., v. Islamic Republic of Iran,* Civil Action No. 06- 690 (RCL), a true copy of which is appended hereto *qua* "Exhibit 'A-2'", and that I will abide by that Plan in respect of the discharge of my duties as a Special Master in the instant matter; and

3. That there is no basis known to me for any possible disqualification of me, pursuant to 28 U.S.C., § 455, for service as a Special Master of this Honorable Court in the above-captioned case, or in any other case arising out of North Korea's and Iran's material support and assistance to the Hezbollah terrorists who fired the rockets at Israel during the

period of July 12, 2006 through August 14, 2006 that resulted in plaintiffs' injuries.

I, Alan L. Balaran, undersigned, hereby declare, under the penalties of perjury, in accordance with the provisions of 28 U.S.C., § 1746, and Local Civil Rule 11.2, that I have read the foregoing Declaration and the attached documents consisting of my *curriculum vitae* ("Exhibit 'A-1'") and the Administrative Plan Governing Special Masters ("Exhibit 'A-2'"), carefully, and that all of the facts as set forth herein are accurate, true and correct.

Dated: September 30, 2014                    /s/Alan L. Balaran
                                             Alan L. Balaran, Esq., DECLARANT
                                             1111 19th Street, N.W.
                                             Twelfth Floor
                                             Washington, D.C. 20036
                                             Tel.: 202-466-5019
                                             Fax: 202-986-8477
                                             abalaran@balaran-law.com

**EXHIBIT A-1**

ALAN L. BALARAN
1111 19TH STREET, N.W., TWELFTH FLOOR
WASHINGTON, D.C. 20036
TELEPHONE: (202) 466-5019 • FACSIMILE: (202) 986-8477
E-MAIL: abalaran@balaran-law.com

**Special Master/Corporate Counsel/Litigation Counsel**

Demonstrated experience as a judicial appointee, investigating claims, resolving discovery disputes, ensuring compliance with court orders and drafting opinions. Broad background in employment and criminal law, statutory and regulatory compliance.

**Special Master and Special Prosecutor Appointments**

- **Special Prosecutor of Navajo Nation, No. WR-SD-01-09**    2010 – 2012

    Appointed by the Navajo Nation Special Division of the Window Rock District Court to investigate criminal misconduct and ethical improprieties on the part of senior Tribal officials. Responsible for more than 200 indictments against Navajo Nation council members.

- **Valore v. Islamic Republic of Iran, Civil Action No. 03-01959**    2007 – Present

    Appointed by the U.S. District Court for the District of Columbia to investigate circumstances surrounding the 1983 terrorist bombing of the Marine barracks in Beirut, Lebanon and to award damages to victims and their families. Responsibilities include drafting opinions containing findings and recommendations for the U.S. District Court.

- **Medtronic v. Michelson, Civil Action No. 01-2373**    2003 – 2004

    Appointed by the U.S. District Court for the Western District of Tennessee to oversee the production of electronic discovery and to resolve privilege disputes in a multi-state intellectual property litigation. Responsibilities included overseeing the review of more than 10 terabytes of electronic information as well as more than one million pages of documentation. Drafted more than two dozen opinions containing findings and recommendations.

- **Cobell v. Norton, Civil Action No. 96-1285**    1999 – 2004

    Appointed by the U.S. District Court for the District of Columbia to adjudicate discovery disputes and to ensure compliance with court orders in a case brought by 500,000 Native Americans alleging breach of fiduciary responsibility by the Departments of the Interior and Treasury. Responsibilities included ensuring the security of trust documentation in the custody of the Departments of the Interior and Treasury, deposing officials and

representatives of various government agencies and investigating allegations of impropriety. Drafted more than 50 reports and opinions containing findings and recommendations.

- **Neal v. District of Columbia, Civil Action No. 93-2400**  1996 – 2006

    Appointed by the U.S. District Court for the District of Columbia to investigate allegations of sexual harassment and retaliation brought by District of Columbia Department of Corrections employees and to ensure compliance with court orders. Subsequently retained by the Department of Corrections to serve as Special Inspector and to promulgate a set of policies, procedures, controls and training modules governing sexual harassment and retaliation. Responsibilities included investigating allegations of impropriety on the part of senior officials of the D.C. Government. Drafted more than 150 opinions containing findings and recommendations.

## Corporate Counsel Positions

- **Eastern Savings Bank** -- The largest privately owned bank in Maryland.

    **Outside Litigation Counsel**  2010 – Present

    Representing bank in disputes concerning the Home Owners Loan Act, the Dodd Frank Act and federal-state preemption.

- **BAE Systems/Integrated Systems Solutions** – An international defense contractor.

    **General Counsel**  2007 – 2010

    Directly responsible for all areas of employment, statutory and regulatory compliance and litigation.

- **Henry L. Stimson Center** – A non-profit organization researching issues pertaining to international peacekeeping efforts.

    **General Counsel**  2003 – 2009

    Directly responsible for compliance, risk management and contract negotiations.

- **Sibley Memorial Hospital** – A full service community hospital serving the Washington, D.C. area.

    **Employment and Litigation Counsel**  2001 – 2012

    Directly responsible for representing hospital in all aspects of employment litigation; mediating dispute resolution related to employment discrimination; and training employees in all aspects of sexual harassment prevention and retaliation. Drafted hospital policy manual governing rights and responsibilities of its employees.

- **Metro Homes, Inc**. – An organization operating multiple facilities in the District of

Columbia providing care to more than 50 mentally and physically challenged clients.

**General Counsel**  2000 – Present

Directly responsible for representing ensuring compliance with local and federal statutes and regulations governing the care of the District's disabled citizens.

# EXHIBIT A-2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JEFFREY PAUL O'BRIEN, et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 06-cv-690 (RCL) |
| ISLAMIC REPUBLIC OF IRAN, | ) ) ) | |
| Defendant. | ) ) ) | |

### ADMINISTRATIVE PLAN GOVERNING SPECIAL MASTERS

"The courts of the United States may appoint special masters to hear damage claims brought under" the terrorism exception to the Foreign Sovereign Immunities Act. 28 U.S.C. § 1605A(e)(1). Federal Rule of Civil Procedure 53 permits the appointment of special masters to, *inter alia*, "resolve a difficult computation of damages." FED. R. CIV. P. 53(a)(1)(B)(ii). The appointment of special masters in this case will not impose undue expenses on any party and will not result in any unreasonable expenses or delay. *See* FED. R. CIV. P. 53(a)(3). To the contrary, the use of use of special masters will assist the Court in the efficient resolution of claims in this action. Accordingly, the following administrative plan shall govern the appointment of and all proceedings by all special masters in this action.

### I.   Qualifications.

Each person appointed as a special master of this court under this plan shall be a member of the bar of the highest court of a state of the United States or the District of Columbia; shall have not less than five years experience as a practicing attorney or as a judge of a court of any state of the United States, the District of Columbia, or the United States; shall not be related to

Case 1:19-cv-02855-TNM   Document 55-2   Filed 04/09/21   Page 12 of 14
Case 1:18-cv-02248-RCL   Document 35-1   Filed 03/03/19   Page 12 of 14
Case 1:06-cv-00690-RCL   Document 29   Filed 07/02/10   Page 2 of 4

any party or counsel appearing in this action; and shall not have any financial or other interest which would create a conflict of interest. *See* FED. R. CIV. P. 53(a)(2).

II.   **Appointments.**

For each person plaintiff seeks to be appointed as a special master, plaintiffs shall file the curriculum vitae of such person, an affidavit by such person attesting that such person has read and will abide by this plan, and an affidavit by such person disclosing whether there is any ground for such person's disqualification to be a special master. *See* FED. R. CIV. P. 53(a)(2), (b)(3)(A).

III.   **Authority.**

Special masters shall consider all issues related to compensatory damages as to each claim made by plaintiffs. To do so, special masters shall have authority to exercise all powers set forth in Rule 53(c), including but not limited to the power to compel, take, and record evidence and to administer oaths. *See* FED. R. CIV. P. 53(c)(1). Testimony taken must be recorded either in a transcript or by electronic means, with all parties clearly identified. All evidence taken or recorded shall be turned over to counsel for plaintiffs who shall preserve it for use by the Court.

As to the admissibility of evidence, such masters shall be guided by the Federal Rules of Evidence, but it shall not be necessary for documents to be qualified as genuine pursuant to Federal Rule of Evidence 901. Authentication as required by Rule 901 shall be made by any counsel's representation as an officer of the Court that a proffered document is an accurate copy of what such counsel proffers it to be. As to the evaluation of damages claims, special masters shall be guided by the Court's previous opinions in *Valore v. Islamic Republic of Iran*, Nos. 03-cv-1959, et al., 2010 WL 1244552 (D.D.C. Mar. 31 2010) and cases cited therein.

Case 1:18-cv-02855-TNM   Document 55-1   Filed 04/09/21   Page 13 of 14
Case 1:18-cv-02463-RCL   Document 35-1   Filed 03/09/19   Page 13 of 14
Case 1:06-cv-00690-RCL   Document 29   Filed 07/02/10   Page 3 of 4

IV. **Reports.**

Special masters shall submit reports to the Court containing findings of fact and conclusions of law regarding compensatory damages for claims referred to such masters. Each report shall contain an evaluation of each item of damages.

V. **Compensation.**

For each day during which a special master works for an amount of time greater than zero but less than or equal to four hours, such master shall be paid $600.00. For each day during which a special master works for an amount of time greater than four hours, such master shall be paid $1,200.00. Each special master shall also be paid for such master's business expenses, excluding transportation expenses, incurred on any day of work; payment for such business expenses shall be limited to $350.00 per day such expenses are incurred. In addition, each special master shall be paid for such master's transportation expenses incurred on any day of work; payment for such transportation expenses shall be unlimited. Should any question arise as to expenses, the regulations promulgated by the Internal Revenue Service regarding business expenses shall govern and, subject to the above limitation, all expenses qualifying as business expenses under Treas. Reg. § 1.162-1 shall be paid.

The Foreign Sovereign Immunities Act provides that special masters appointed to hear damages claims brought under the terrorism exception to the general rule of foreign sovereign immunity shall be compensated "from funds available for the program under section 1404C of the Victims of Crime Act of 1984." 28 U.S.C. § 1605A(e)(2); *see In re Islamic Republic of Iran Terrorism Litig.*, 659 F. Supp. 2d 31, 61 (2009) ("[T]he new terrorism exception now provides that special masters should be reimbursed for their work from the Attorney General's Victims of Crime Fund."). Within two weeks of the entry of any damages award in this case, special

Case 1:18-cv-02255-TNM   Document 55-2   Filed 04/09/21   Page 14 of 14
Case 1:10-cv-00483-RCM   Document 55-1   Filed 03/03/14   Page 14 of 14
Case 1:06-cv-00690-RCL   Document 29   Filed 07/02/10   Page 4 of 4

masters seeking payment shall provide plaintiffs with vouchers itemizing, for each day of work, the amount of time worked, the nature of the work done, and the amount of any business or travel expenses incurred.  Such vouchers should also include a calculation of total payment sought.  Within two weeks of receiving any such voucher, plaintiffs shall file a motion with the Court seeking the Court's order that Clerk coordinate payment with the Office for Victims of Crime, Office of Justice Programs, U.S. Department of Justice.  Plaintiffs shall append any such vouchers to any such motions.

Amounts paid from the Victims of Crime Fund shall be reimbursed to the Fund from any amounts received in satisfaction, partial or otherwise, of any judgment entered on behalf of plaintiffs.  Upon application by plaintiffs, all such reimbursements shall be taxed upon the defendant or defendants against which judgment is rendered.

SO ORDERED.

Signed by Chief Judge Royce C. Lamberth on July 2, 2010.