UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELI M. BOROCHOV,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **ISLAMIC REPUBLIC OF IRAN,** *et al.*, <br><br> Defendants. | Case No. 1:19-cv-02855 (TNM) |

### ORDER

Plaintiffs in the above-captioned FSIA action against Syria and Iran assert that Israeli law applies to claims brought by nine Israeli Plaintiffs.  *See* Proposed Findings of Fact and Conclusions of Law (Proposed Order) at 69, ECF No. 55-4.  The Complaint accuses Defendants of battery, assault, intentional infliction of emotional distress, negligent infliction of emotional distress, civil conspiracy, and aiding and abetting.  *See generally* Amended Compl., ECF No. 27.  Yet Plaintiffs' Proposed Order discusses only the Israeli tort of negligence, which the Complaint does not mention.  *See* Proposed Order at 70–71.  And the Shnoor Declaration from *Force v. Islamic Republic of Iran*, No. 16-cv-1468 (D.D.C.), on which they entirely rely for the Israeli law claims, discusses only some of the torts in the Complaint.  The Shnoor Declaration further fails to detail how and in what amount Israeli law compensates the injuries allegedly suffered by the Israeli plaintiffs.

When determining foreign law, the Court "is free to insist on a complete presentation by counsel."  Fed. R. Civ. P. 44.1, advisory comm.'s note to 1966 amendment.  Plaintiffs' filings fall significantly short of a complete presentation as to how Israeli law informs this case.  Accordingly, it is hereby

**ORDERED** that Plaintiffs shall show cause why the Court should not dismiss claims by the Israeli Plaintiffs for their failure to provide sufficient information on the Israeli causes of action in their Complaint. To remedy current gaps in their filings, Plaintiffs may submit to the Court information in the form of a sworn expert declaration explaining

- Requirements under Israeli law for the torts alleged in the Complaint;
- Whether and in what amount Israeli law awards damages for (1) Rotem Golan's physical injuries and (2) the emotional injuries allegedly suffered by Israeli family members of Yoav Golan and Rotem Golan; and
- To what extent, if at all, Israeli law awards punitive damages for the injuries allegedly sustained by the Israeli plaintiffs.

The updated materials should point to relevant Israeli caselaw and/or statutes that provide specificity to justify their sought awards.

Plaintiffs shall file any response to this Order by February 17, 2022.

**SO ORDERED**.

Dated: January 18, 2022

TREVOR N. McFADDEN
United States District Judge