UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELI M. BOROCHOV,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **ISLAMIC REPUBLIC OF IRAN,** *et al.*, <br><br> Defendants. | Case No. 1:19-cv-02855 (TNM) |

### MEMORANDUM ORDER

Plaintiffs in this action against the governments of Iran and Syria are U.S. and Israeli citizens. They claimed that the two nations sponsored terrorist attacks in Israel that injured them and their loved ones. Last month, the Court partially granted their Motion for Default Judgment. *See* Order, ECF No. 59. That decision included an award of solatium damages to most U.S. Plaintiffs.[1] *See id.* For the Israeli Plaintiffs, the Court relied on expert declarations about Israeli law and held Defendants liable under that law. *See* Mem. Opn. at 25–29.[2]

But Plaintiffs failed to carry their burden for damages to most Israeli Plaintiffs.[3] Despite the Court asking Plaintiffs to explain "in what amount Israeli law awards damages," they provided no amounts. Show Cause Order at 2, ECF No. 56. Plaintiffs instead urged the Court to award amounts under the *Heiser* framework, which many federal courts consult for solatium

---

[1] The Court denied compensatory damages to Shari Borochov because she had not known Eli, the attack victim, when the attack occurred. *See* Mem. Opn. at 34–35, ECF No. 58.

[2] All page citations refer to the pagination generated by the Court's CM/ECF filing system.

[3] The Court awarded damages to Israeli citizen Rotem Golan, an attack victim, because unlike the other Israeli Plaintiffs she suffered physical injuries from the attack. *See id.* at 39–41. Because Plaintiffs do not seek reconsideration of that ruling, this Order deals only with the other Israeli citizen-plaintiffs, all of whom received no damage awards.

damages. *See* Show Cause Response at 20–21. The Court refused because the *Heiser* framework applies to damages under a federal cause of action unavailable to foreign plaintiffs. *See* Mem. Opn. at 38. And Plaintiffs failed to adequately respond to the Show Cause Order, which explicitly asked about amounts awarded under Israeli law. *See id.* at 41.

Plaintiffs now move under Federal Civil Rule 52(b) to amend the Court's findings and under Rule 59(e) to alter or amend the judgment. *See* Mot. to Amend, ECF No. 60 (Mot.). They ask the Court to reconsider its denial of damages to Israeli Plaintiffs.[4] According to Plaintiffs, they met their burden when they provided the substance of Israeli law. The Court then should have made its own damages awards based on the evidence presented. *See* Mot. at 3 ("Damages awards are factual findings, not law.").

Under that logic, the Court needs no Israeli awards. As factual findings, those awards "are at most guideposts" and not binding. *Id.* More, Plaintiffs submit that no analogous Israeli awards even exist because Israeli law does not allow suits against governments not in diplomatic relationships with Israel. *See id.* at 6. All these arguments lead to the same request as before: Plaintiffs want the Court to apply the *Heiser* standard and award damages to Israeli Plaintiffs, ostensibly "for the sake of consistency and respect for the equality of humankind." *Id.* at 8.

\* \* \*

"[R]econsideration and amendment of a previous order is an unusual measure." *Bigwood v. DIA*, 770 F. Supp. 2d 315, 317 (D.D.C. 2011). For their motion under Rule 52(b), Plaintiffs "bear[ ] a heavy burden" to show "clear error" or "manifest injustice" requiring an amendment of the judgment. *Ashraf-Hassan v. Emb. of France*, 185 F. Supp. 3d 94, 108 (D.D.C. 2016)

---

[4] Plaintiffs also ask the Court to reconsider its denial of damages to Shari. *See* Mot. at 2. But the motion never argues why the Court was wrong not to award her damages. Because Plaintiffs point to no error in that ruling, the Court summarily denies reconsideration of it.

(cleaned up). Rule 52(b) also does not provide "a second opportunity to litigate a point, to present evidence that was available but not previously offered, or to advance new theories." *Salazar v. Dist. of Columbia*, 685 F. Supp. 2d 72, 75 (D.D.C. 2010) (cleaned up).

Similar standards apply to granting motions under Rule 59(e). The Court must find "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004) (cleaned up). And a party "may not use a Rule 59 motion to raise new issues that could have been raised previously." *Kattan v. Dist. of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993).

Those standards doom Plaintiffs' motion. At no point before now did Plaintiffs suggest that Israeli courts have never issued damages awards. The Court will not allow them to do so now. *See Bigwood*, 770 F. Supp. 2d at 317–18 (noting that motions to reconsider are not "a vehicle for presenting theories or arguments that could have been advanced earlier"). Plaintiffs could have raised this fact before. Indeed, the Court's Show Cause Order specifically sought this type of information. Yet Plaintiffs asked for federal law amounts and cited only American courts. *See* Show Cause Response at 20–21. They never hinted at the absence of similar awards by Israeli courts.[5]

More, Plaintiffs nowhere address their failure to carry their burden on default judgment. Plaintiffs must establish a "right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e). The Court asked for that satisfactory evidence about Israeli law. Plaintiffs provided

---

[5] Plaintiffs now say that they explained the substance of Israeli law with the "intention" and "expectation" that the Court would "as a fact finder render a factual finding" for damages. Mot. at 6. The Court clearly asked, however, for amounts under Israeli law. Plaintiffs never submitted a proper response. Their good intentions or expectations for that response do not control its adequacy.

none, never mentioning Israeli courts.  They may not "take a second bite at the proverbial apple" now to remedy that mistake.  *Ali v. Carnegie Inst. of Wash.*, 309 F.R.D. 77, 85 (D.D.C. 2015).

Plaintiffs' motion also seeks relief that the Court has already denied.  Plaintiffs again ask the Court to "apply the *Heiser* framework to this case."  Mot. at 8.  The Court already denied the applicability of *Heiser* to Israeli Plaintiffs.  *See* Mem. Opn. at 38.  The current motion does not permit Plaintiffs "a second opportunity to litigate" that point.  *Salazar*, 685 F. Supp. 2d at 75.

Finally, Plaintiffs label the denial of damages to Israeli Plaintiffs "based only on citizenship status" as "unseemly and unjust."  Mot. at 8.  This appears to argue that the Court's Order perpetuates "manifest injustice."  *Ciralsky*, 355 F.3d at 671.  The Court disagrees.  For starters, Israeli courts would be the natural forum for Israeli citizens and residents seeking relief from injuries perpetrated by non-U.S. defendants in Israel.  There is nothing unseemly or unjust in a result that denies Plaintiffs a chance to take advantage of a narrow exception to this general rule.

More, the Israeli Plaintiffs are hardly the first not to receive solatium damages from a terrorist attack that injured a loved one.  Of course, the Court does not "doubt the suffering felt by those Plaintiffs not awarded damages here" nor attempts to minimize that pain.  Mem. Opn. at 43–44.  But court rulings "must be grounded in the law, not sympathy or instinct."  *Id.*  And the law in this circuit is clear that "damages [are] calculated pursuant to the law under which liability was found."  *Thuneibat v. Syrian Arab Repub.*, 167 F. Supp. 3d 22, 47 (D.D.C. 2016).  This Court takes that precedent seriously and applies it here in good faith.  Plaintiffs failed to carry their burden under the applicable law, despite direction on how they could have done so.  The blame for any resulting injustice does not lie with this Court.

For these reasons, it is **ORDERED** that Plaintiffs' [60] Motion to Alter Judgment is DENIED.

**SO ORDERED**.

Dated: April 13, 2022                                              TREVOR N. McFADDEN, U.S.D.J.